**UNITED STATES of America, Appellee,**

v.

**Kevin LAVIN, Defendant–Appellant.**

No. 1085, Docket 93–1265.

United States Court of Appeals, Second Circuit.

Argued June 13, 1994.

Decided June 17, 1994.

Edward P. Jenks, Mineola, NY for defendant-appellant.

David L. Wales, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., Alexandra Rebay, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before: McLAUGHLIN and JACOBS, Circuit Judges, and WEINSTEIN,* Senior District Judge.

## PER CURIAM:

Defendant Kevin Lavin engaged in a sophisticated scheme to steal cash from hundreds of Citibank accounts. He installed electronic equipment in an automatic teller machine (ATM), which permitted him to obtain the account numbers and corresponding personal identification numbers (PINs) of Citibank customers. He then programmed the account numbers and PINs onto credit cards, and used the credit cards to withdraw over $200,000 from various ATMs over a 15–month period.

Lavin eventually pled guilty to bank fraud in violation of 18 U.S.C. § 1344. The offense level for fraud of over $200,000 under the Sentencing Guidelines is 14. *See* § 2F1.1. Judge Keenan imposed a two-level enhancement for use of a special skill (Lavin's impressive knowledge of electronics), § 3B1.3, and two additional levels for more than minimal planning. § 2F1.1. With a three-level reduction for acceptance of responsibility, Lavin's total offense level was 15. Based on a 1982 conviction for use of a dangerous weapon, Judge Keenan calculated a criminal history category of II, yielding a sentencing range of 21–27 months. He sentenced Lavin to 27 months' imprisonment. Judge Keenan also ordered $126,320 in restitution to Citibank, representing the difference between what Lavin stole ($233,760) and what was recovered from him ($107,440).

On appeal, Lavin contests: (1) the two-level enhancement for use of a special skill; (2) the calculation of criminal history II; and (3) the order of restitution.

### (1) *Special skill*

The Sentencing Guidelines provide that a defendant's base offense level may be increased by two levels if the defendant "used a special skill in a manner that significantly facilitated the commission or concealment of the offense." § 3B1.3. Application note 2 to that section explains that " '[s]pecial skill' refers to a skill not possessed by members of the general public and *usually* requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." (Emphasis added).

█ Citing this application note, Lavin argues that the special skills enhancement is intended only for those whose skill is the product of educational or professional training. Because he has no special training in electronics, he concludes that he lacks the requisite credentials for an enhancement.

We rejected this exact argument in *United States v. Spencer,* 4 F.3d 115, 120 (2d Cir. 1993) (enhancement was properly applied to self-taught chemist who manufactured methamphetamine, because the word "usually" in the application note indicates that the enhancement is not reserved solely for professionals). Since the electronics skills employed by Lavin were plainly "not possessed by members of the general public" and "significantly facilitated" his crimes, Judge Keenan properly imposed a special skills enhancement.

### (2) *Criminal history*

█ In calculating a defendant's criminal history where the prior offense was use of a dangerous weapon, the Sentencing Guidelines provide that a sentence "imposed within ten years of the defendant's commencement of the instant offense is counted." § 4A1.2(e)(2). Lavin's sentence for use of a

---

* The Honorable Jack B. Weinstein, of the United States District Court for the Eastern District of New York, sitting by designation.

dangerous weapon was imposed on September 15, 1982. Lavin does not dispute that his current offense began, at the latest, in January 1991. The September 15, 1982 conviction is therefore within the requisite 10–year period and was properly included in the computation of Lavin's criminal history category.

### (3) *Restitution*

Defendant raises two issues concerning the order of $126,320 in restitution. First, he argues that the order should not have exceeded $119,000, the amount charged in the count of the indictment to which Lavin pled guilty. Second, he argues that the district court abused its discretion by failing to make explicit findings concerning his ability to pay.

 With regard to Lavin's first argument, the amount of restitution ordered may be either the loss charged in the count of conviction or a greater amount agreed to by the parties in a plea agreement. 18 U.S.C. §§ 3663(a)(1) & (3); *United States v. Rice,* 954 F.2d 40, 43–44 (2d Cir.1992).

■ It is true that the indictment in this case charged Lavin with defrauding Citibank of "approximately $119,000." The plea agreement, however, noted that there was a dispute between Lavin and the government over the amount of the fraud. The plea recited the parties' agreement that "the amount of the loss is an issue to be decided by the Court at or before sentencing." The plea agreement explicitly warned Lavin that "the Court may also [in addition to imprisonment, fines, etc.] impose an order of restitution." Moreover, during Lavin's plea colloquy, Judge Keenan focused on the dispute over the amount of the loss, stating that he would probably order restitution, and specifying that he would resolve the dispute. Lavin stated that he understood. In addition, Lavin's counsel unequivocally stated at sentencing that Lavin did not contest the $126,320 figure. The parties therefore agreed to a different amount than was specified in count two of the indictment, and Lavin's first argument is meritless.

■ Concerning Lavin's second argument, a restitution order will not be disturbed absent abuse of discretion. *United*

States v. Atkinson, 788 F.2d 900, 902 (2d Cir.1986). There is no requirement that the district court make explicit findings concerning a defendant's ability to pay a restitution order. *See United States v. Gelb,* 944 F.2d 52, 56 (2d Cir.1991).

■ The record shows that Judge Keenan properly exercised his discretion. In imposing restitution, he noted Lavin's obvious intelligence, future (legitimate) earning potential, and the fact that he had not defrauded Citibank due to any financial need. Moreover, the presentence report specified that Lavin is unmarried, has no children or other dependents, and is not disabled. Finally, Judge Keenan imposed no fine on Lavin. There is simply no evidence of abuse of discretion.

The decision of the district court is affirmed.