36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carl L. ECKHART, Defendant-Appellant.
 No. 93-1306.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-appellant Carl L. Eckhart pleaded guilty to three counts of aiding and abetting the making of false statements to a financial institution in violation of 18 U.S.C. 1014 and 2 and was sentenced to twenty-seven months imprisonment followed by three years of supervised release. On appeal, defendant argues that the district court erred in sentencing by increasing defendant's base offense level by two levels pursuant to United States Sentencing Guidelines ("U.S.S.G.") 3B1.3 for use of a special skill. We exercise jurisdiction pursuant to 18 U.S.C. 3742(a)(2) and affirm.
 
 
 3
 In 1981 defendant began to provide tax preparation services to M & L Business Machine Company ("M & L") and individually to its principal owners. M & L was operated as a "ponzi" scheme in which investors are paid the promised "too good to be true" rate of return from the influx of later investors' money and from loans. In order to keep the scheme functioning the operators of M & L employed a check-kiting scheme and used inflated financial statements to fraudulently obtain loans. Though he is not a certified public accountant, Mr. Eckhart operated as an accountant for M & L. Defendant furthered the fraud by generating false tax returns and false financial statements for M & L and inflated, fraudulent individual tax returns for M & L's operators, all of which were used to secure loans totaling several millions of dollars.
 
 
 4
 Defendant received a two point offense level enhancement for use of a special skill. See U.S.S.G. 3B1.3. We review the legal meaning of the term "special skill" de novo. United States v. Malgoza, 2 F.3d 1107, 1110 (11th Cir.1993); United States v. Dorsey, 27 F.3d 285, 288 (7th Cir.1994) (interpreting "position of trust" provision of 3B1.3). We review for clear error the district court's findings regarding the level of Mr. Eckhart's accounting and bookkeeping skills and the manner in which he used those skills during the commission of the offense. Malgoza, 2 F.3d at 1110; Dorsey, 27 F.3d at 288; see also United States v. Lowder, 5 F.3d 467, 473 (10th Cir.1993) (whether defendant occupied a position of trust is a factual determination that will be affirmed unless clearly erroneous). An enhancement is proper if the defendant "used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. 3B1.3. Application note 2 to that section explains that " '[s]pecial skill' refers to skill not possessed by members of the general public and usually requiring substantial education, training or licensing. Examples would include pilots, lawyers, doctors, accountants, chemists, and demolition experts." U.S.S.G. 3B1.3, application note 2 (emphasis added).
 
 
 5
 Defendant did not complete college or receive a degree, is not a licensed C.P.A. and has only taken a few yearly review course in tax and accounting related subjects. Defendant argues that the "special skill" enhancement is intended only for individuals who possess a skill which is the result of special training, education or licensing and, because he lacks such training in tax and accounting, he does not possess the required factors for an enhancement. We disagree.
 
 
 6
 The district court found that defendant was educated in business and accounting and that he took periodic courses to sharpen his accounting and tax preparation skills. The court also determined that these skills were instrumental in submitting the false statements to the banks. Defendant worked as an accountant and tax preparer for a business which secured, during his employment and with his assistance, several million dollars in loans. He prepared financial statements and tax returns for the business and its principal operators. Defendant possessed the special accounting skills required to prepare these documents in a fraudulent way so as to cover up the actual financial condition of the business and the individuals. The fact that defendant did not possess a C.P.A. license is not determinative of the issue. United States v. Lavin, 27 F.3d 40, 41 (2d Cir.1994) (enhancement properly applied to individual who electronically manipulated ATM machine even though he did not possess special training or education in electronics); United States v. Spencer, 4 F.3d 115, 120 (2d Cir.1993) (enhancement properly applied to "self-taught" chemist and is not reserved for professionals). The district court's finding that defendant possessed the requisite "special skill" is not clearly erroneous.
 
 
 7
 We also reject defendant's argument that his conduct did not significantly facilitate the crimes at issue. There is evidence in the record to support the court's findings and the application of this guideline to the defendant.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470