108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
WEI HENG LEE, a/k/a Chih Ching Chang; David Lien, a/k/a
Lobster; Edwin Arroyo, a/k/a Lumpy; Tony Jain, a/k/a Ah
Kee; Sunday Franscisco, a/k/a Sunday, a/k/a
Lnu1-93cr.1017-005; Edmund Jeong,a/k/a Beebee; Ruan Jian
Wei, a/k/a Ken Ruan; Andrew Wong; Nguyen Phong; and
Nguyen Chau, Defendants, Gary Soo Kee Tam, a/k/a Anthony,
a/k/a Lnu1-93cr.1017-006, Defendant-Appellant.
 No. 96-1462.
 United States Court of Appeals, Second Circuit.
 March 18, 1997.
 
 1
 Cheryl J. Sturm, Westtown, PA, for appellant.
 
 
 2
 Elizabeth Glazer, Assistant United States Attorney, New York, NY, for appellee.
 
 
 3
 Present: WALKER, JR., MCLAUGHLIN, WOOD, JR.,* Circuit Judges.
 
 
 4
 Louis L. STANTON, District Judge.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 7
 On December 29, 1994, pursuant to a written plea agreement, Goo Soo Kee Tam, pleaded guilty to Counts Three and Fourteen of a multicount indictment. Count Three charged Tam with conspiracy and attempt to murder in aid of racketeering in violation of 18 U.S.C. § 1959. Count Fourteen charged Tam with using and carrying a firearm during and in relation to the murder conspiracy in violation of 18 U.S.C. § 924(c). On June 27, 1996, Tam was sentenced. The single dispute at sentencing was whether and to what extent Tam should be ordered to pay restitution to the victims of his crime. Tam argued that restitution should be limited to funeral and related expenses pertaining to the death of one victim. The district court disagreed and ordered restitution in the amount of $100,000 for lost income as well as funeral expenses. The district court then sentenced Tam to 120 months on Count Three and 60 months on Count Fourteen. The terms were to run consecutively, followed by three years of supervised release.
 
 
 8
 On appeal, Tam challenges his conviction and sentence on three grounds. First, Tam claims that the district court violated Fed.R.Crim.P. 11(c)(1) by failing to address him personally and inform him of the nature of the offense to which he pleaded guilty. Because Tam failed to raise this objection below, this court will not reverse absent a showing of "plain error." United States v. Olano, 507 U.S. 725, 732-34 (1993). A court of appeals may reverse a plain error only if the defendant shows that the error "affected the outcome of the district court proceedings." Id. at 734. Because Tam has failed to make such a showing, we decline to reverse on this ground. A failure to read or explain the charge in detail to a pleading defendant will not invalidate a guilty plea where a review of the entire record indicates that the defendant understood the nature of the charges to which he was pleading. See, e.g., United States v. Parkins, 25 F.3d 114, 118 (2d Cir.1994) (despite lack of clarity in dialogue between defendant and court at allocution, Rule 11(c) requirement met by defendant who acknowledged reading the indictment charge and who read, signed, and discussed a plea agreement with his attorney).
 
 
 9
 In accepting his plea, the magistrate judge specifically asked Tam whether he had reviewed the charges with his attorney and whether he understood what was charged. Tam said that he did. He acknowledged that he had read the charges and that he had read, signed and discussed the plea agreement with his attorney. In response to the magistrate's request that he state in his own words what he had done, Tam explained that he had hired the White Tigers gang to first evict his sister from his building and then subsequently to murder her and her family. He stated that he had paid the gang several thousand dollars to carry out the contract murders and that he knew that they would be carrying guns when they carried out the contract. Because the record as a whole indicates that Tam understood the nature of the charges, we find no basis for vacating his plea. See id. at 117-18; United States v. Stevens, 19 F.3d 93, 95-96 (2d Cir.1994).
 
 
 10
 Tam next challenges the sufficiency of the evidence to support his conviction. Again, Tam failed to raise this argument below, and therefore the objection is subject to "plain error" review. Tam asserts that because he was not a member of the White Tigers and because he never received payments to further criminal activity, his guilty plea on Count Three must be vacated. Count Three charges a violation of 18 U.S.C. § 1959(a), which provides:
 
 
 11
 Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires to do so, shall be [guilty of a crime]....
 
 
 12
 18 U.S.C. § 1959(a). Tam acknowledged that he agreed to pay his codefendants, members of the White Tigers gang, to kill his sister and her family in exchange for several thousand dollars. This evidence is sufficient to hold Tam liable for aiding and abetting the maintenance of his codefendants' positions in the White Tigers in violation of 18 U.S.C. § 1959(a) even if he was not a member of the White Tigers himself and even if he never received payments. Tam's argument that he cannot be liable for Count Fourteen since he never carried or used a firearm is equally without merit. Tam is criminally liable for his codefendants' carrying and use of firearms on the night of the murder. Pinkerton v. United States, 328 U.S. 640, 646-48 (1946); see United States v. Giraldo, 80 F.3d 667, 676 (2d Cir.1996). Because Tam acknowledged that he knew that "the gang members would be carrying guns" and that he intended that guns would be used in the murders he had ordered, he is liable.
 
 
 13
 Finally, Tam argues that the district court had no authority to award restitution for lost wages to the victims of his crime. An order of restitution will not be disturbed absent abuse of discretion. United States v. Lavin, 27 F.3d 40, 42 (2d Cir.1994). In sentencing a defendant, a court must consider the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7); see United States v. Porter, 41 F.3d 68, 70 (2d Cir.1994) ("[T]he purpose of the restitution provision is to require restitution whenever possible."). In fashioning an order of restitution, a sentencing court must consider the amount of loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. § 3664(a). While the government bears the burden of showing the amount of loss sustained by the victim, the defendant bears the burden of demonstrating his financial resources and needs. 18 U.S.C. § 3664(d). There is no requirement that the district court make explicit findings concerning the defendant's ability to pay. Lavin, 27 F.3d at 42.
 
 
 14
 In the case of an offense resulting in death of a victim, restitution may be ordered payable to the victim's estate or his surviving heirs. 18 U.S.C. § 3663(c). Such restitution may include both funeral expenses and lost income. See, e.g., United States v. Razo-Leora, 961 F.2d 1140, 1146 (5th Cir.1992) (affirming order that defendant pay $100,000 in lost income to victim's widow); United States v. Fountain, 768 F.2d 790, 800-804 (7th Cir.1985) (upholding order directing defendant to pay restitution to victim's estate including medical expenses and lost income). In the instant case, the district court calculated the amount of restitution based on the amount of money his victim would have earned during the seven-year period between the time of his murder and the sentencing, plus funeral and related expenses. Because the calculation is amply supported by the evidence, we do not find the district court abused its discretion.
 
 
 15
 We have carefully considered appellant's other arguments on appeal and find them to be without merit.
 
 
 16
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr. of the United States Court of Appeals for the Seventh Circuit, sitting by designation