Kevin LAVIN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

Docket No. 02–6012.

United States Court of Appeals, Second Circuit.

Submitted: July 17, 2002.

Decided: Aug. 06, 2002.

**124**

Kevin Lavin, pro se, Park Ridge, NJ, for Petitioner–Appellant, on submission.

Daniel S. Ruzumna, Assistant United States Attorney (James B. Comey, United States Attorney, on the brief, Robin L. Baker, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent–Appellee, on submission.

Before JOSÉ CABRANES, STRAUB, and SOTOMAYOR, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Kevin Lavin, *pro se*, appeals from a November 16, 2001 order of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) dismissing his claim, brought under Federal Rule of Criminal Procedure 41(e), seeking return of property seized around the time of his arrest. For the reasons that follow, we affirm the order of the District Court with respect to its denial of Lavin's request for return of $100,800 and $75. We vacate the order of the District Court to the extent that it denied return of Lavin's electronic equipment, and remand with instructions to dismiss this part of the claim as moot.

## BACKGROUND

We assume familiarity with the facts as set out in *United States v. Lavin*, 27 F.3d 40 (2d Cir.1994) and *United States v. Lavin*, No. 95–1094, 1995 WL 737515 (2d Cir. Dec.13, 1995) (unpublished summary order), and recount here only the facts necessary to resolve the instant appeal.

Between early 1991 and March 1992, Lavin executed an intricate fraudulent plan in which he made unauthorized cash withdrawals from automatic teller machines in the amount of $233,760. After he was caught, Lavin pleaded guilty to committing bank fraud in violation of 18 U.S.C. § 1344.

Lavin was sentenced on April 6, 1993, principally to imprisonment for thirty months. His base offense level rested on a loss amount of $233,760. Lavin did not contest this loss amount because, as his counsel observed, this amount was "very close to what we maintain that the actual loss was in the case" and the minor difference between the amounts asserted by Lavin and the Government does not "have an impact on the guidelines." U.S. Dist. Ct. Sentencing Hr'g of 04/06/93 Tr. at 5. The District Court ordered that Lavin make restitution in the amount of $126,320, which was the difference between the $233,760 fraudulently stolen and the money recovered by the Government, which included (i) $100,800 found at Lavin's parents' house; (ii) $5,880 seized from Lavin's fiancée; and (iii) $860 found on Lavin's person when he was arrested. Accordingly, the District Court applied the seized money toward Lavin's total required restitution and included in the restitution *order* only the amount of money outstanding. Lavin objected neither to this restitution order nor to the Court's application of the seized money toward satisfaction of Lavin's total restitution.

Lavin, represented by counsel, appealed his sentence in April 1993, challenging the restitution order on several grounds, including that he was unable to make the required payments imposed by the restitution order. He did not, however, challenge the Court's application of the seized money to the total restitution amount. On January 4, 1994, after the Government conceded that Lavin was entitled to a three-level credit for acceptance of responsibility, we granted the Government's motion for a remand so that the District Court could reduce Lavin's offense level appropriately. With Lavin continuing to be represented by counsel, the District Court then resentenced Lavin on May 13, 1994, principally to imprisonment for 27 months, and reimposed the same restitution order and special assessment. On June 17, 1994, we affirmed Lavin's sentence, which included the District Court's renewed restitution order. *Lavin,* 27 F.3d at 40.

Before Lavin was resentenced, he filed two motions, *pro se,* pursuant to Federal Rule of Criminal Procedure 41(e), seeking return of weapons and ammunition confiscated from his parents' residence and return of personal property and documents. The motions made no mention of the seized money and equipment used to perpetrate the bank fraud. Neither the District Court nor the Government had apparently received Lavin's Rule 41(e) motions by the time of his resentencing. Nevertheless, when Lavin's attorney apprised the Court and the Government of the pending *pro se* motions during the sentencing hearing, the Government responded that it would return all property that was not evidence or instrumentalities of the crime, and provided the defense with the name of a person to contact at the Federal Bureau of Investigation ("FBI") to arrange for return of Lavin's property.

Six days after the sentencing hearing, on May 19, 1994, the prosecutor wrote a letter to Lavin's attorney, confirming the offer made to Lavin at the May 13, 1994 sentencing hearing, that Lavin could contact the FBI to obtain his property. Neither Lavin nor Lavin's attorney responded to the Government's offer. Instead, Lavin filed another *pro se* motion to compel the Government to respond to his Rule 41(e) motions. The Government responded in a letter dated July 21, 1994, addressed to the Court, with a copy sent to Lavin's attorney, Edward P. Jenks. In an order of September 22, 1994, the District Court denied Lavin's motion to compel because the Government had responded adequately to Lavin. In addition, the Court observed that the Government was willing to turn over all of Lavin's property that did not consist of illegal weapons, evidence of a crime, or instrumentalities of a crime. The Court then directed Lavin to contact the FBI for return of his property.

Lavin, no longer represented by counsel, moved *pro se* for reconsideration of the District Court's order. On December 7, 1994, the District Court denied Lavin's motion, and we affirmed that order on December 13, 1995. *Lavin,* 1995 WL 737515, at *2. We held that Lavin's claims were "speculative and premature" since it would be impossible to determine what items the Government would not return to Lavin until Lavin contacted the Government. *Id.*

In April 1997, Lavin, by letter to the District Court, once more sought return of certain property, but in an April 16, 1997 order, the District Court denied Lavin any relief. The Court noted that "[t]here is nothing for this Court to do that Mr. Lavin cannot accomplish himself."

On or about December 13, 1999, Lavin attempted to file a Rule 41(e) motion in the original criminal case (Docket No. 92 Cr.

0236). He sought return of the $100,800 recovered by the Government from his parents' house and return of $75 of the moneys seized from his person when he was arrested. In an addendum dated December 10, 1999, Lavin also requested that the Government return nine items of electronic equipment that it had seized from Lavin's parents' house as evidence of his crime.

In an order entered July 17, 2000, the District Court observed that Lavin's Rule 41(e) motion had been received in December 1999, but that the motion had not been filed or docketed because Lavin neglected to submit the required filing fee or *in forma pauperis* fee waiver application. Because there were no criminal proceedings pending against Lavin, the Court construed the motion as a request to commence a new civil action. The Court then dismissed the action because Lavin had neither paid the required filing fee nor filed the required fee waiver form, which the Court had earlier sent to Lavin.

On July 27, 2000, Lavin moved in the District Court for reconsideration of its dismissal of the new (and instant) civil action and attached a completed fee waiver application. Granting Lavin's motion on August 18, 2001, the Court reopened the case and directed the Clerk of the District Court to issue a summons to the Government. The Government did not respond. Nearly a year later, on July 11, 2001, Lavin moved for an order to show cause why default judgment should not be entered. The Government responded in a letter dated September 10, 2001, arguing that (i) the $100,800 was returned to the victim of Lavin's fraud with no objection by Lavin and the Lavin restitution order

had reflected a reduced restitution amount as a consequence; (ii) the Government was willing to return the $75 if and when Lavin contacted the FBI; and (iii) the electronic equipment was evidence of Lavin's crime and, as such, need not be returned to Lavin pursuant to the District Court's September 22, 1994 order. In an order filed November 16, 2001, the District Court denied Lavin's request for an issuance of an order to show cause and dismissed his claim based on the reasons provided by the Government in its September 10, 2001 letter to the Court.

This timely appeal followed.

## DISCUSSION

Lavin argues that the District Court erred in dismissing his claim requesting the return of $100,800 that authorities had seized from his parents' home near the time of his arrest, $75 seized from his person when he was arrested, and nine items of electronic equipment that were confiscated by the Government as evidence of his crime. He also contends that the Government should return this property to him because the Government confiscated the property without a forfeiture proceeding and because the $100,800 is not traceable to Lavin's crime.[1]

Federal Rule of Criminal Procedure 41(e) provides in relevant part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

---

1. For the first time in his reply brief, Lavin also requests the return of various other items held by the Government. It is well established that we will not consider an argument raised for the first time in a reply brief. *See, e.g., Thomas v. Roach,* 165 F.3d 137, 146 (2d Cir.1999).

■ After a criminal proceeding has ended, a district court should construe a motion requesting return of property under Rule 41(e) as initiating a civil action in equity. *Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992); *see also Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir.1992).

Under 18 U.S.C. § 3663, a sentencing court is expressly authorized to impose an order of restitution on a criminal defendant: "The court, when sentencing a defendant ... may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A) (2000). An order of restitution constitutes a lien in favor of the United States on all property of the person fined. *See id.* § 3613(c).[2] That lien arises when judgment is entered and continues for twenty years or until the liability is satisfied. *Id.*; *United States v. Kinlock*, 174 F.3d 297, 299 n. 1 (2d Cir.1999).

■ In the case at hand, the District Court included a restitution order as part of Lavin's sentence and the judgment entered accordingly. On appeal, we affirmed the judgment and, in particular, the validity of that restitution order. *Lavin*, 27 F.3d at 42. Therefore, pursuant to 18 U.S.C. § 3613, the Government acquired a lien on Lavin's property at the moment the judgment of conviction was entered. When, in that judgment, the District Court reduced the amount of restitution Lavin owed, it merely applied the money confiscated by the Government as the fruits of

Lavin's illegal scheme, and upon which the Government had acquired a lien, to help satisfy Lavin's obligation of restitution. Accordingly, the District Court allocated the seized criminal proceeds for Lavin's benefit. *See United States v. Duncan*, 918 F.2d 647, 654 (6th Cir.1990) (noting that the District Court "essentially allocated the defendant's property for his benefit rather than depriving him of the property altogether.").

We note that our conclusion is consistent with that of other Circuits that have considered this question. *See United States v. Mills*, 991 F.2d 609 (9th Cir.1993) (affirming a restitution order denying defendant's motion for return of property pursuant to Rule 41(e)); *cf. United States v. Dean*, 100 F.3d 19 (5th Cir.1996) (affirming an order denying defendant's motion for return of property pursuant to Rule 41(e)); *Duncan*, 918 F.2d at 654 (same); *United States v. Maez*, 915 F.2d 1466 (10th Cir. 1990) (same). For example, in *Mills*, the defendant pleaded guilty to a bank robbery. The District Court ordered the defendant to make restitution to the victim banks and ordered that $2,400, seized from the defendant when he was arrested, be applied toward satisfaction of that obligation. *Mills*, 991 F.2d at 610. The defendant then brought an action pursuant to Rule 41(e) for the return of that money. *Id.* at 610–11.

Although the Ninth Circuit acknowledged that a criminal defendant is presumptively entitled to the return of his property once it is no longer needed as evidence, it noted that the Government

---

**2.** 18 U.S.C. § 3613(c) provides in relevant part:

[A]n order of restitution made pursuant to section[ ] ... 3663 ... is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability

for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b).
(citation omitted).

may retain the property if it has a legitimate reason for doing so, such as "a valid restitution order [that] ... gives the government a sufficient cognizable claim of ownership to defeat a defendant's Rule 41(e) motion for return of property, if that property is needed to satisfy the terms of the restitution order." *Id.* at 612. It thus concluded "that the district court had a legitimate reason to order that the defendant's property already in the government's possession be applied to his restitution obligation." *Id.*

We agree with the Ninth Circuit's ruling and conclude that Lavin is not entitled to the return of the seized funds. A defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property. In the instant case, the Government had a legitimate interest in ensuring that the valid restitution order imposed as part of Lavin's sentence was satisfied. Indeed, Congress has deemed that interest strong enough to provide the Government with a lien on a defendant's property when a Court enters a valid restitution order. *See* 18 U.S.C. § 3613(c); *see ante* note 3. By applying Lavin's illicit gains that remained in the Government's possession against Lavin's restitution debt, the Court implicitly, and we believe correctly, concluded that this Government lien defeats Lavin's interest in the seized proceeds of the crime. *See Mills*, 991 F.2d at 612; *cf. Duncan*, 918 F.2d at 654 (concluding that District Court did not err in denying Rule 41(e) motion and applying seized money to help satisfy monetary penalty imposed as part of sentence). Accordingly, we hold that the Court properly denied Lavin's Rule 41(e) motion for return of the $100,800.

■ The District Court in the instant case could have also applied the $75 toward satisfaction of Lavin's restitution order. However, the Government has been and continues to be willing to return the $75. Because there is no need for an order compelling return of property which the Government has been willing to return all along, we conclude that the District Court did not err in concluding that Lavin was not entitled to an order compelling return of the $75.

■ Finally, Lavin argues that the District Court erred in not holding an evidentiary hearing to ascertain why the Government is continuing to retain his electronic equipment. Lavin complains that the Government failed to shoulder its burden to rebut his ownership claim and shows an insufficient continuing need for the equipment. While the Government maintains that Lavin likely used the equipment to commit his crimes, it no longer opposes returning Lavin's equipment to him. We therefore conclude that this issue is moot because it no longer offers a live controversy for decision. *See Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks and citations omitted)). Accordingly, we vacate the order of the District Court to the extent that it denied Lavin's request for return of the electronic equipment and remand with instructions to dismiss this part of the claim as moot. *See Russman v. Bd. of Educ. of Watervliet*, 260 F.3d 114, 122 (2d Cir.2001) ("In general, where the appellee has caused the case to become moot, we vacate the district court's judgment to prevent the appellee from insulating a favorable decision from appellate review.").

CONCLUSION

For the reasons stated above, the order of the District Court dismissing Lavin's claim for return of property under Federal

Rule of Criminal Procedure 41(e) is affirmed to the extent that it denied return of $100,800 and $75. We vacate the order to the extent that it denied Lavin's request for return of the electronic equipment and remand with instructions to the District Court to dismiss this part of the claim as moot.