**BANK OF CHINA, New York Branch, Plaintiff–Appellee,**

v.

**NBM LLC, Yang Mei Corp., GEG International Inc., BOC Company, Non–Ferrous BM Corporation, Shumin Wang, John Chou, Dao Zhong Liu,** **CBL Ltd. a/k/a CBL Investment Company Grand Cayman, and Century Ltd., Defendants–Counter–Claimants–Appellants,**

**Rchfins, Inc., Defendant–Appellant,**

**Sherry Liu, a/k/a Sherry Ping Liu, Defendant–Third–Party–Plaintiff–Appellant,**

**Bank of China, Hong Kong Branch, a/k/a Bank of China (Hong Kong) Limited, Kwangtung Provincial Bank, Bank of China, Tokyo Branch, Bank of China, Cayman Islands Branch, PO Sang Bank Ltd., Bank of China, Third–Party–Defendants,**

**C.H.G. Enterprises, Inc., National Budget Merchandise Inc., Sino–Place Alliance, Inc., Bhk LLC, Minkang Gu, Linda Xiao, Helen Zhou, Patrick Young, John and Jane Does 1–200, Sinco Trust Ltd., a/k/a Synco Trust, IFB Inter Establishment, Sunleaf, Inc., Beda A. Singerberger, Defendants,**

**Hui Liu, Defendant–Counter–Claimant.**

No. 02–9267.

United States Court of Appeals, Second Circuit.

Feb. 17, 2004.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Appellants John Chou, Sherry Liu, NBM LLC, Non–Ferrous BM Corp., Yang Mei Corp., and Rchfins Inc.

Joshua L. Dratel and Marshall A. Mintz, Joshua L. Dratel P.C., New York City, for Appellants Shumin Wang, Dao Zhong Liu, GEG International, Inc., BOC Company, CBL Ltd., a/k/a CBL Investment Company Grand Cayman, and Century Ltd.

Richard A. DePalma and Kathryn M. Ryan, Coudert Brothers L.L.P., New York City, for Appellee.

Present: MCLAUGHLIN, KATZMANN Circuit Judges, and SCHEINDLIN District Judge.*

## CORRECTED SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that certain rulings of the District Court be and hereby are AFFIRMED, and the judgment of the District Court be and hereby is VACATED and REMANDED.

Defendants–Counter–Claimants–Appellants and Defendant–Appellant appeal from a judgment entered after a jury trial in the United States District Court for the Southern District of New York, Chin, *J.*, in favor of Plaintiff–Appellee Bank of China, New York Branch. Finding that the defendants breached contracts with plaintiff, and committed fraud against plaintiff, the jury awarded $35.4 million in compensatory damages and a total of $96.4 million in punitive damages. The District Judge trebled the compensatory damages pursuant to section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act, and

* The Honorable Shira A. Scheindlin, United States District Judge for the Southern District of New York, sitting by designation.

entered judgment for plaintiff in the amount of $106,361,504.40.

Appellants raise numerous objections to the District Court's evidentiary rulings. Appellants also argue that the District Judge placed improper time restrictions on their presentation of evidence, and had an improper "connection" to Appellee. Finally, Appellants claim that the District Court erred in instructing the jury, and that there was insufficient evidence to sustain the jury's findings. We address Appellants' claims regarding the jury instructions and admission of expert testimony pursuant to Rule 701 of the Federal Rules of Evidence in an opinion also filed today. The remainder of Appellants' arguments we reject in this summary order.

## I. District Judge's Bias

On July 17, 2002, one week after the jury verdict but before the District Court's ruling on post-trial motions and the entry of judgment, Judge Chin conducted a telephone conference with counsel for all parties and non-appealing defendant Patrick Young. At that time, Judge Chin informed the parties that the previous night, his mother had advised him that he had met Young three years earlier. Judge Chin further told the parties he had not recalled meeting Young until he was so advised by his mother. Judge Chin explained that at a banquet in 1999, he was introduced to Young, a former bank officer who was fired from Bank of China in 1999. Young's wife is the daughter of a friend of Judge Chin's father. Judge Chin recalled that when they met in 1999, Young inquired about a problem he was having with his employer (which, unbeknownst to Judge Chin, was Bank of China). Judge Chin further recalled that he provided Young with the names of one or two employment attorneys, either that evening or during a subsequent telephone call. Dur-

ing the call with the parties on July 17, 2002, Young confirmed that he and Judge Chin had met three years before the trial, and said that they have had no occasion to meet or talk since that time.

Judge Chin told the parties that because he did not recall the meeting until after the trial, he was certain that it did not influence or affect him in any way, but he felt obligated to disclose the fact that the meeting occurred. Judge Chin then gave each of the parties an opportunity to be heard, and all declined. Appellants now claim that based on his 1999 encounter with a "Bank of China employee," Judge Chin had an improper connection to Bank of China.

■ Appellants' claim is entirely without merit. As an initial matter, this issue is not properly before us because it was never raised below and Appellants never made a motion for recusal pursuant to 28 U.S.C. §§ 144 or 455. *See United States v. Foddrell,* 523 F.2d 86, 87 n. 2 (2d Cir. 1975) ("[T]he issue of the District Court's disqualification was not properly raised by the appellant below and therefore, is not cognizable in this Court."); *In re IBM Corp.,* 618 F.2d 923, 932–34 (2d Cir.1980) (finding that sections 144 and 455 have timeliness requirements). Moreover, although Judge Chin met Young, a former Bank of China officer, at a social gathering, Young is a *defendant* in this action, and therefore their prior meeting did not create a connection between Judge Chin and the Bank; if anything, it created a connection between Judge Chin and defendants. Finally, because Judge Chin did not even recall the meeting until after the jury verdict, his "relationship" with Young could not have affected his conduct at the trial, or caused him to improperly influence the jury, nor is there any evidence that Judge Chin was himself improperly influenced in the post-trial proceedings.

## II. Time Restrictions

Appellants contend that they were denied a full opportunity to present their case because Bank of China presented its case for ten trial days, whereas the defense presented its case for only two days. They further argue that the District Court imposed an arbitrary deadline for the close of evidence, and cut short defendant Chou's direct testimony.

█ These arguments are unavailing because the District Court's allotment of trial time was appropriate. Most of Bank of China's witnesses were defendants, and defense counsel *elected* to do both cross-examination and direct examination of these defendants during Bank of China's case. Thus, many of the days that Appellants claim were used for plaintiff's case were actually used entirely by defendants. Moreover, the timing issues appear to have been caused by the defendants' decision, mid-trial, to invoke the Fifth Amendment, and defendant Chou's subsequent decision *not* to invoke the Fifth Amendment after all. Finally, at no point during the trial did defendants identify any admissible, relevant evidence that they were unable to offer because of the time restrictions imposed by the District Court. Under these circumstances, we conclude that the time restrictions imposed by the District Court were not an abuse of discretion. *See* Fed.R.Evid. 403, 611(a) (district court has wide discretion in the management of its docket and the presentation of evidence).

## III. Evidentiary Rulings

Appellants claim that various evidentiary rulings deprived them of a fair trial. We have reviewed these contentions, and with the exception of the ruling allowing witness Huang Yangxin to provide expert testimony which we address in the accompanying written opinion issued today, we do not find any error.

## IV. Sufficiency of the Evidence

Finally, Appellants argue that the evidence was insufficient to support the jury's verdict. However, because we vacate the judgment and remand for a new trial, we need not reach this issue.

\* \* \* \* \* \*

For the foregoing reasons (as well as those stated in our accompanying opinion), we AFFIRM certain rulings of the District Court, but VACATE the judgment and REMAND for further proceedings.