**BANK OF CHINA, NEW YORK BRANCH, Plaintiff–Counter–Defendant–Appellee,**

v.

**BANK OF CHINA, HONG KONG BRANCH, also known as Bank of China (Hong Kong) Limited, Kwangtung Provincial Bank, Bank of China,** Tokyo Branch, Bank of China, Cayman Islands Branch, Po Sang Bank Ltd. and Bank of China, Third–Party–Defendants,

v.

**Yang Mei Corp., CBL Ltd., Helen Zhou and Hui Liu, Defendants–Counter–Claimants,**

Shumin Wang, Dao Zhong Liu, GEG International, Inc., BOC Company, CBL Ltd., also known as CBL Investment Company Grand Cayman and Century Ltd., Defendants–Counter–Claimants–Appellants,

v.

**Yang Mei Corp., Defendant–Counter–Claimant–Appellant,**

v.

NBM LLC, Non–Ferrous BM Corporation, John Chou, also known as Quang Zhou, Sherry Liu, also known as Sherry Ping Liu and RCHFINS, Inc., Defendants–Counter–Claimants–Third–Party–Plaintiffs–Appellants,

v.

**Patrick Young, Defendant–Appellant,**

C.H.G. Enterprises, Inc., National Budget Merchandise, Inc., Sino–Place Alliance, Inc., BHK L.L.C., Minkang Gu, Linda Xiao, John and Jane Does 1–200, Sinco Ltd., also known as Synco Trust, IFB Inter Establishment, Sunleaf, Inc., RCHFINS Inc., and Beda A. Singerberger, Defendants.

Nos. 04–5557–cv (L), 04–5618–cv (CON), 04–6302–cv (L), 06–2423–cv (CON).

United States Court of Appeals, Second Circuit.

Aug. 2, 2007.

Patrick Young, Pro Se Defendant–Appellant.

Michael B. Seidman, Seidman & Pincus LLC, Hasbrouck Heights, NJ, for Defendants–Appellants.

Richard A. De Palma and Kathryn M. Ryan, Baker & McKenzie LP, New York, NY, for Plaintiffs–Appellees.

PRESENT: WALKER, ROBERT D. SACK and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants NBM LLC, Yang Mei Corp., GEG International, Inc., BOC Company, CBL Ltd., also known as CBL Investment Company Grand Cayman, Century Ltd., RCHFINS Inc., Shumin Wang, John Chou, Sherry Liu, Hui Liu, dao Zhong Liu, Non–Ferrous BM Corporation ("Appellants") and Patrick Young (acting *pro se*) appeal from the

judgments entered by the United States District Court for the Southern District of New York (Chin, *J.*) in favor of Plaintiff– Appellee Bank of China, New York Branch ("the Bank"). The judgments were issued on claims for breach of contract, breach of guaranty, unjust enrichment, fraud, and violations of the Racketeering and Corrupt Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). We assume the parties' familiarity with the facts and procedural history.

This case was first tried in June and July 2002. Certain claims were submitted to the jury and the remainder were tried to the court. The court entered judgment based on the jury verdict in favor of the Bank and also resolved the remaining non-jury claims in the Bank's favor. The judgment was appealed. We issued both an opinion and summary order, in which we vacated and remanded in light of errors in the court's instructions on the RICO and fraud claims. We also concluded that the court had erred in allowing certain expert testimony. Finally, we rejected challenges to certain evidentiary rulings and rejected Appellants' claims that the district judge should have recused himself to preserve the appearance of impartiality. *Bank of China, New York Branch v. NBM LLC,* 359 F.3d 171 (2d Cir.2004); *Bank of China, New York Branch v. NBM LLC,* 89 Fed.Appx. 751 (2d Cir.2004).

On remand, the court entered judgment in the Bank's favor on the claims it concluded were unaffected by the remand, reasoning that our reversal was based "solely on the errors in the RICO jury instruction and the effect of that error on the fraud claims." Specifically, the court entered judgment in the Bank's favor on (a) the Bank's claims for breach of contract, breach of guaranty, and unjust en-

richment, (b) the counterclaims against the Bank, and (c) the third-party claims against entities related to the Bank. Defendants appealed.

The remaining claims were tried in August 2005, and a jury once again returned a verdict in favor of the Bank on its claims of fraud, aiding and abetting breach of fiduciary duty, and violations of RICO against John Chou, Sherry Liu, Shumin Wang, Dao Zhong Liu, and Hui Liu. The jury fixed RICO damages at approximately $34 million. In April 2006, after trebling the RICO damages, the court entered judgment awarding the Bank about $112 million and defendants appealed.

The appeals were consolidated for our review. With respect to the retrial, Appellants contend that a host of evidentiary and motions rulings constituted an abuse of discretion and demonstrated the judge's alleged bias. Specifically, Appellants argue that the district court committed reversible error by, *inter alia,* (1) declining to vacate the default judgment against the corporate defendants; (2) denying their application for a writ of *habeas corpus ad testificandum* to allow Sherry Liu to testify for a second time at trial; (3) limiting the testimony of their expert witness; (4) precluding them from presenting documents relating to an OCC investigation; (5) refusing to dismiss the case against defendants Shumin Wang and Dao Zhong Liu for lack of evidence; (6) imposing time limitations for the presentation of evidence; and (7) admitting allegedly unauthenticated documents. These contentions are meritless.

■ We review evidentiary rulings for abuse of discretion, *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (2d Cir.2000), and grant a new trial "only if a substantial

right of a party is affected-as when a jury's judgment would be swayed in a material fashion by the error." *Arlio v. Lively,* 474 F.3d 46, 51 (2d Cir.2007). Appellants have failed to show that the district court's rulings, including the preclusion of OCC investigation documents, restrictions on expert testimony, and admission of signed agreements, were manifestly erroneous, let alone that the rulings affected a substantial right. Likewise, the court's imposition of time limitations, refusal to vacate a default judgment, and denial of Appellants' application for a writ of *habeas ad testificandum* to present Sherry Liu to testify for a second time, fall within its broad discretion to manage trial proceedings. *S.E.C. v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998) ("A motion to vacate a default judgment is addressed to the sound discretion of the district court."); *United States v. Local 1804–1, Int'l Longshoremen's Ass'n, AFL–CIO,* 44 F.3d 1091, 1095 (2d Cir.1995) ("As to some matters relating to the management of proceedings before the court, such as the introduction of evidence and the regulation of the course and scope of examination of witnesses, a district court's discretion is broad indeed"). To the extent the Appellants raise the issue, we do not dignify their allegations of bias on the part of Judge Chin with further discussion since the issue is frivolous.

In their appeal from the September 2004 partial judgment, Appellants and Young contend that they are entitled to a new trial because the district court erred in denying their motion for recusal based on the judge's past associations with Young and erred in entering partial judgment in favor of the Bank on its breach of contract, breach of guaranty, and unjust enrichment claims. As to recusal, we affirm for the reasons provided in our 2004 summary order.

■ As to the partial judgment, Appellants argue that the court's September 2004 entry of judgment on the claims it deemed unaffected by our February 2004 remand order was improper because our prior opinion "invalidated the entirety of the [first] Judgment in this matter," and, consequently, they were entitled to a new trial. Because we affirm the April 2006 judgment in favor of the Bank on its RICO claims, the Bank has been made whole by the award of treble damages under the RICO statute, 18 U.S.C. § 1964(c). Since the Bank is not entitled to any additional relief, it can derive no benefit from the disposition of the remaining claims. Appellants' challenge to the September 2004 partial judgment is therefore moot. *See Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotations omitted); *Lavin v. United States,* 299 F.3d 123, 128 (2d Cir.2002) (an issue is moot when it "no longer offers a live controversy for decision").

Consequently, we affirm the district court's April 2006 judgment on the Bank's RICO claim and conclude that in view of the magnitude of the RICO judgment, Appellants' challenges to all remaining claims are moot.