*Godfrey v. Ball*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————

WINSTON TOE GODFREY,

> *Petitioner-Appellant,*

> v.                                                                  23-7104

MICHAEL BALL, in his official capacity as Officer-in-Charge, Buffalo Federal Detention Facility, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security,

> *Respondent-Appellee.*

———————————————————————

FOR PETITIONER-APPELLANT:                    JOHN H. PENG, John Peng
                                             Consulting, LLC, Jericho,
                                             NY.

FOR RESPONDENT-APPELLEE:                     JULIAN M. KURZ, Trial
                                             Attorney, Office of
                                             Immigration Litigation
                                             (William C. Peachey,
                                             Director, District Court
                                             Section, Elianis N. Perez,
                                             Assistant Director,
                                             Courtney E. Moran, Trial
                                             Attorney, *on the brief*), *for*
                                             Brian M. Boynton,
                                             Principal Deputy Assistant
                                             Attorney General,
                                             Department of Justice,
                                             Washington, DC.


Appeal from a judgment of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** in part to be dismissed as moot, and **AFFIRMED** in remaining part.

Petitioner-Appellant Winston Toe Godfrey ("Godfrey") appeals the district court's July 11, 2023 judgment dismissing his 28 U.S.C. § 2241 petition challenging his immigration detention under 8 U.S.C. § 1226(c). The district court concluded that Godfrey's challenge to detention under § 1226(c) was moot because that provision

2

governs detention during the pendency of removal proceedings, and the Board of Immigration Appeals ("BIA") had issued an administratively final removal order while Godfrey's habeas petition was pending, thereby bringing his detention under 8 U.S.C. § 1231(a). The district court concluded that the § 2241 petition was premature to challenge Godfrey's detention under § 1231(a) because the 90-day removal period under that statute—during which detention is mandatory—had not then ended.

Four days before oral argument for the instant appeal, Godfrey filed a motion seeking dismissal of his appeal as moot and vacatur of the district court judgment. Godfrey concedes that the statute governing his detention has shifted to 8 U.S.C. § 1231(a) and that his challenge to his detention under either subsection (a)(2) or (a)(6) of that statute was premature at the time of the district court's decision, or is premature now. The government claims that live issues remain and opposes Godfrey's motion to dismiss and vacate. We dismiss the appeal as moot in part and affirm in remaining part.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

We dismiss the appeal as moot with respect to Godfrey's initial challenge to his detention under § 1226(c). Article III of the Constitution limits federal jurisdiction to "Cases" or "Controversies," *i.e.*, matters presenting "concrete legal issues, . . . not

3

abstractions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947); *accord Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573 (1992). This jurisdictional requirement is lost once an issue is "moot," *i.e.*, when it is "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013). A due process challenge to detention under § 1226 is rendered moot by judicial denial of a petition for review of a removal order because that decision shifts detention authority to § 1231. *See Hechavarria v. Sessions*, 891 F.3d 49, 54–57 (2d Cir. 2018); *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003). Thus, as Godfrey concedes, his initial argument on appeal that he is (or was) wrongfully detained under § 1226 is moot because this Court has since denied his petition for review of his removal order. *See Godfrey v. Garland*, No. 23-6588, 2024 WL 3964251 (2d Cir. Aug. 28, 2024) (summary order).[1]

Additionally, as Godfrey conceded at oral argument, any challenge to his detention under § 1231 fails because his petition was either premature below or is premature now. "After entry of a final removal order and during the 90-day removal period . . . [noncitizens] must be held in custody" under § 1231(a)(2). *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). As relevant here, "[t]he removal period begins on the

---

[1] As a result, we need not address Godfrey's argument that the forbearance agreement is the equivalent of a court-ordered stay of removal such that detention authority existed under § 1226 at the time of the district court's decision.

4

late[r] of . . . [t]he date the order of removal becomes administratively final" or "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order."  8 U.S.C. § 1231(a)(1)(B)(i), (ii).  Once the BIA affirms an immigration judge's ("IJ") decision ordering removal and resolving all applications for relief from removal, an order of removal becomes administratively final.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 528, 534–35 (2021).

Here, the BIA affirmed the IJ's order in May 2023.  The district court found that Godfrey's order of removal was "administratively final," that he had not received a court-ordered stay of removal, and that he was therefore detained under § 1231.  The district court further concluded that any challenge to detention under that section was premature because the 90-day removal period had not expired at the time of the district court's July 2023 decision.[2]  *See Zadvydas*, 533 U.S. at 683.  On appeal, Godfrey conceded that even if the district court erred in that analysis, the 90-day removal period commenced after the conclusion of judicial review of his removal order on August 28, 2024, and has not yet expired.  Accordingly, regardless of whether the 90-day removal period started in May

---

[2] In its opposition to Godfrey's motion to dismiss, the government argues that a live issue remains because if Godfrey is now detained pursuant to § 1231(a)(6), his detention is permitted, rather than required.  Godfrey, however, conceded at oral argument that that he does not assert that he is wrongfully detained under § 1231(a)(6).  Thus, we understand him to be waiving any such argument.

2023 or August 2024, any petition challenging confinement under § 1231 was either premature at the time of the district court's decision or is premature now.  *Id*.  We therefore affirm the judgment of the district court to the extent it rejected Godfrey's detention challenge under § 1231.

Because we have addressed the dispositive grounds for the district court's decision, we do not reach the remaining arguments raised in Godfrey's appeal. Accordingly, we **VACATE** the district court's judgment to the extent it addressed § 1226(c) and **REMAND** with instructions to dismiss the petition in relevant part,[3] and **AFFIRM** the district court's judgment in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] "When a case becomes moot on appeal, the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss."  *Hassoun v. Searls*, 976 F.3d 121, 130 (2d Cir. 2020) (alterations in original) (internal quotation marks, citation, and brackets omitted); *see also Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002) (vacating district court's judgment in part as moot).